**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Leon RUYLE and Medilab Company, Defendants-Appellants.**

**No. 74–1822.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1975.

Decided Oct. 29, 1975.

Rehearing Denied Dec. 4, 1975.

Philip A. Gillis, Detroit, Mich., for defendants-appellants.

Ralph B. Guy, Jr., U. S. Atty., Richard L. Delonis, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

■ Defendant Ruyle waived trial by jury and was found guilty by the District Judge of knowing distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), and intentionally furnishing false reports concerning controlled substances in violation of 21 U.S.C. § 843(a)(4). He was acquitted under five other counts. Though defendant was a registered distributor of controlled substances doing business as Medilab Company there was sufficient evidence to support the district court's findings that the sales for which he was convicted were made with knowledge that they were not authorized by his registration.

The conviction was based in part on records seized at defendant's home following his arrest by agents of the Bureau of Narcotics and Dangerous Drugs (BNDD). The agents did not have a search warrant for defendant's home, but did have an "administrative inspection warrant" for Medilab Company at an address which was about one block from his home. Pursuant to this warrant the agents were authorized "to enter the above described premises [the business establishment] at a reasonable time during ordinary business hours and to inspect in a reasonable manner and to a reasonable extent, including the collection of samples, if necessary, the establishment and all pertinent equipment, finished and unfinished materials, containers, and labeling thereon." Such warrants are authorized by the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 880.

It is clear that the inspection warrant gave the agents no authority to search defendant's home or seize any of his property there. However, one of the agents testified that immediately after arresting defendant pursuant to an arrest warrant and advising him of his *Miranda* rights the agent asked defendant

where the records were located. Upon learning that the records were in the basement of defendant's home the agent advised defendant that the inspection warrant did not cover the situation and that defendant's consent would be required before the records could be removed from his home. The agent testified that he then read a "consent form" to defendant and that defendant signed the form. No search was conducted, but defendant and another agent went to the basement and picked up the records of defendant's drug business and the typewriter used by him in making the records. The substance of this testimony was confirmed by another BNDD agent who was present, but was disputed by the defendant and his wife.

■ At a hearing on defendant's motion to suppress the business records as evidence, and on appeal, defendant has maintained that his consent to the seizure of the records was not freely and voluntarily given. This contention is based on the fact that he was under arrest at the time he signed the consent and his testimony and that of his wife that the agents told him they had a warrant for the search of his home. In *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the Supreme Court held that a consent to search is not voluntary if it is based upon the statement by law enforcement officers that they have a warrant for search of the premises, stating:

> When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent. *Id.* at 550, 88 S.Ct. at 1792.

The District Judge conducted a suppression hearing and determined that the consent in the present case was freely and voluntarily given. An examination of the transcript of those proceedings convinces us that there was no coercion, and that the defendant voluntarily surrendered the business records and typewriter with full knowledge that he had the right to require a warrant for the search of his home and seizure of his property.

The defendant moved during the trial to quash the indictment on the basis of testimony by one of the BNDD agents that he had not disclosed to the grand jury that defendant was a registered distributor of controlled substances. The government resisted the motion on grounds that it was not timely made and that defendant's status as a registrant was immaterial since he was charged with an unauthorized distribution.

■ The function of a grand jury is investigative. Its proceedings are not adversary in nature, but rather consist of inquiries conducted by laymen without resort to the technicalities of trial procedure. *Costello v. United States*, 350 U.S. 359, 363–64, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Levinson*, 405 F.2d 971, 980 (6th Cir. 1968), cert. denied, 395 U.S. 958, 89 S.Ct. 2097, 23 L.Ed.2d 744 (1969); *United States v. Thomas*, 342 F.2d 132, 136 (6th Cir.), cert. denied, 382 U.S. 855, 86 S.Ct. 105, 15 L.Ed.2d 92 (1965). In *Costello, supra*, Mr. Justice Black wrote—

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more. 350 U.S. at 363, 76 S.Ct. at 408.

The indictment in the present case was valid on its face and the defendant was not entitled to challenge it on the ground that information which he considered favorable to his defense was not presented to the grand jury.

Other issues raised by the defendant are without merit.

The judgment of the district court is affirmed.