**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald THOMPSON,**
**Defendant-Appellant.**

**No. 77–3555.**

United States Court of Appeals,
Ninth Circuit.

April 21, 1978.

Rehearing Denied June 16, 1978.

James L. Vonasch (argued), Seattle, Wash., for defendant-appellant.

Christine McKenna, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Before SNEED and TANG, Circuit Judges, and SCHNACKE,* District Judge.

SCHNACKE, District Judge.

Donald Thompson, after a jury trial, was adjudged guilty of forging the name of a payee on a United States treasury check, in violation of 18 U.S.C. § 495. He appeals.

It is not denied that Thompson, in July 1977, took a treasury check payable to one Olden Howard, signed Howard's name on the back of the check, and cashed the check at a bank. At trial, Thompson claimed that he cashed the check with Howard's permission. Howard testified that Thompson lacked such permission. Howard further testified that Thompson had told him he would pay Howard the amount of the check if Howard went to see Thompson's lawyer. Howard went to the lawyer and signed an affidavit in which it was stated that Howard was Thompson's uncle; that Thompson had Howard's permission to receive and

---

* Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

cash the check; and that Thompson had performed this service before July 1977 at Howard's request because Howard has difficulty hearing and writing.

At trial Howard testified that he understood the affidavit to be the way the charges against Thompson, who had been Howard's roommate, could be dropped and Howard could get the full amount of the check. Howard also testified that the aforementioned statements in the affidavit were all false, and Thompson concedes Howard is *not* his uncle.

■ Thompson contends on appeal that the indictment against him should have been dismissed because the grand jury which indicted him was never told of Howard's affidavit, which, conceivably, might have borne on Howard's credibility. The contention is without merit. The grand jury need not be advised of all matters bearing on the credibility of potential witnesses. Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented [see *U. S. v. Kennedy*, 564 F.2d 1329, 1335–1338 (9th Cir. 1977)]. There is nothing shocking to the conscience in the circumstances here.

Thompson's other contentions on appeal relate to the trial judge's failure to give two of Thompson's proposed jury instructions. The first stated, in substance: A witness's testimony may be discredited or impeached by showing that he previously made statements inconsistent with his trial testimony. The jury is to determine what, if any, credibility to give his testimony. If a witness is shown knowingly to have testified falsely about a material matter, the jury may distrust his testimony in other particulars. It may reject all his testimony or give it the credibility the jury thinks it deserves.

■ Thompson contends that, in view of the contradiction between Howard's affidavit and Howard's trial testimony, the failure to give the aforementioned instruction was error. The instruction is, of course, a correct statement of the law [*U. S. v. Polizzi*, 500 F.2d 856, 878 (9th Cir. 1974)]. It is desirable that some instruction be given as to the effect of prior inconsistent statements. But in the present case, the failure to so instruct does not constitute reversible error. The jurors had the prior statement before them. They were instructed that they were the sole judges of witness credibility, that they were to resolve conflicts in the testimony, and that in weighing a witness's testimony, they could consider any matter they felt bears on the believability of his testimony. The instruction adequately advised the jury as to its duty to judge credibility.

■ Thompson's second proposed instruction dealt with specific intent, which is an element of the offenses of which Thompson was convicted. There was no error in failing to give this instruction. All significant parts of the proposed instruction were incorporated in other instructions advising the jury that to establish the offenses in question, the prosecution had to prove that Thompson (a) willfully wrote Howard's name on the back of the check, without Howard's authorization and with intent to receive money from the United States; and (b) presented the check for payment willfully, with knowledge that Howard's name on the back was forged, and with intent to defraud the United States. The trial judge also instructed the jury that "an act is done willfully if done voluntarily and intentionally with knowledge that it is against the law." The judge's instructions are comparable to those given as to the 18 U.S.C. § 495 aspect of *U. S. v. Ellison*, 494 F.2d 43, 44 (5th Cir. 1974). Here, as there, the instructions were adequate on the matter of specific intent.

The judgment appealed from is affirmed.