**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Donald STONE, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Philip WERBER, Defendant-Appellant.**

**Nos. 78–2882, 78–2838.**

United States Court of Appeals,
Ninth Circuit.

Dec. 10, 1979.

Rehearing Denied Feb. 13, 1980.

Jan Lawrence, Handzlik, Stilz, Boyd & Levine, Los Angeles, Cal., for defendant-appellant Donald Stone.

Michael Pancer, San Diego, Cal., for defendant-appellant Philip Werber.

Before WALLACE and TANG, Circuit Judges, and TURRENTINE,* District Judge.

TANG, Circuit Judge.

In these consolidated appeals, Philip Werber and Donald Stone challenge their convictions involving a conspiracy to manufacture and distribute the controlled substance phencyclidine (PCP). They argue primarily that the Government's abuse of the grand jury process required dismissal of their indictments. We disagree and affirm the convictions, although we remand Stone's case for resentencing.

In November 1977 Stone and Werber were charged in the Eastern District of Michigan, together with six other individuals, in a ten-count indictment for conspiracy to manufacture and distribute PCP. The overt acts charged in the indictment occurred in the period between April 1971 and February 1977. Stone was indicted on all counts; Werber was indicted only on the first count.

In March 1978 all eight defendants moved, without opposition, for a change of venue from Detroit to Los Angeles. The district court granted the motion of one defendant but did not rule on the other motions. Later that month, the United States Attorney presented evidence to a federal grand jury in Los Angeles concerning the same defendants and the same acts. The grand jury considered some of the testimony of the grand jury that returned the Michigan indictment. In April 1978 the Los

Gary Schneider, Special Atty., Dept. of Justice, Washington, D.C., argued for plaintiff-appellee; David B. Orlean, Sp. Atty., Dept. of Justice, Washington, D.C., Andrea Sheridan Ordin, U.S. Atty., Los Angeles, Cal., on the brief.

---

* The Honorable Howard B. Turrentine, United States District Judge for the District of Southern California, sitting by designation.

Angeles grand jury returned a nine-count indictment, which alleged essentially the same acts as the Michigan indictments, against seven of the original defendants and two additional defendants.

The district court denied Werber and Stone's pretrial motions to dismiss the indictment for irregularity in the grand jury proceedings. Werber and Stone agreed to be tried separately from the other defendants on a stipulation of facts. Werber was found guilty on the first count, and Stone was found guilty on each of the eight counts for which he was tried. Stone received consecutive sentences for counts one and two, and additionally, received a mandatory parole term of four years on the second count.

## I

The last overt acts charged against Werber and Stone in the Los Angeles indictment occurred in 1975, although there were several overt acts charged against other participants that occurred as late as September 1977. The defendants contend that the delay between their last overt acts and the filing of the indictment violated their right to due process.

■ In order to block a prosecution on the basis of preindictment delay, a defendant must first show actual, nonspeculative prejudice resulting from the delay. *United States v. Pallan,* 571 F.2d 497, 500 (9th Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978). Once this showing is made the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused. *Id.; see United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).

■ The defendants here fail to make an adequate showing of actual nonspeculative prejudice. To show prejudice, Werber asserts that "many of the individuals who could have testified as to appellant's activities around the dates in question had become unavailable. Furthermore, the delay had resulted in the impairment of the memories of appellant and other defense wit-

nesses." These general conclusory allegations are insufficient to show actual prejudice. *See United States v. Mays,* 549 F.2d 670, 677 (9th Cir. 1977).

Although somewhat more specific, Stone's claims of prejudice are equally unavailing. Stone alleges that a woman familiar with his daily activities during the years 1971 and 1975 is now dead; that he lost documents, including appointment books that would have shown his whereabouts on the dates mentioned in the indictment; and that his recollection has been substantially impaired over time. This showing of prejudice is likewise insufficient. Stone must show not only the loss of a witness or evidence but also demonstrate how that loss is prejudicial to him. *Id.* This Stone has not done.

## II

The Government presented the testimony of three witnesses, Frank Prieto, Jeffrey Sterne, and Jeffrey Roberts, before the Los Angeles grand jury. The defendants contend that the Government used the grand jury proceedings to "lock" these witnesses into their grand jury statements when they testified at trial.

■ Dismissal of an indictment is required only in cases in which the grand jury has been flagrantly overreached or deceived in some significant way. *United States v. Thompson,* 576 F.2d 784, 786 (9th Cir. 1978).

■ The record does not support the defendants' assertion that the Government's examination of these witnesses before the grand jury was a pretext used to "lock" their testimony. The Government used testimony elicited from the three witnesses to secure the indictment of two persons, Katz and Henry, who had not been indicted by the Michigan grand jury. Furthermore, the defendants have failed to show how the testimony of three witnesses would have prejudiced their defense. The Government did not use any of these witnesses' testimony in their trial of the defendants on stipulated facts.

## III

The Government presented to the Los Angles grand jury testimony that it had elicited before the Michigan grand jury. The defendants contend that the district court should have dismissed the indictment because this action violated Fed.R.Crim. P. 6(e).

■ Rule 6(e) prohibits disclosure of matters occurring before the grand jury, except for government attorneys in the performance of their duties or when directed by a court in connection with a judicial proceeding. A knowing violation of Rule 6 may be punished as a contempt of the court.

■ Once again, we test whether the prosecutorial conduct requires dismissal of the indictment by determining whether the grand jury has been overreached or deceived in a significant way. *See Thompson,* 576 F.2d at 786. As the Government concedes, these disclosures did violate Rule 6(e). However, the violation is by itself insufficient to warrant dismissal of the indictment. In *United States v. Chanen,* 549 F.2d 1306, 1311 (9th Cir. 1977), the court found that reading transcripts of sworn testimony, rather than presenting live witnesses, did not constitute fundamental unfairness or a threat to the integrity of the judicial process. We find nothing in the circumstances of this case that directs us to a different result. The defendants make no showing that the Government misled or deceived the Los Angeles grand jury in the testimony that it chose to read to them from the Michigan proceedings. Further, the Los Angeles grand jury was informed that any witness who had testified earlier would be made available if they desired it.

Although the Government should have complied with Rule 6(e), in the circumstances of this case their failure to do so does not warrant dismissal of the indictment. As Rule 6(e) itself recognizes, a more appropriate sanction for its violation is a contempt citation.

## IV

■ The district court, believing such a term was mandatory, sentenced Stone to a four year special parole term under 21 U.S.C. § 841(b)(1)(B). Section 841(b)(1)(B) provides that:

In the case of a controlled substance in schedule I or II which is not a narcotic drug or in the case of any controlled substance in schedule III, such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 10 years, a fine of not more than $30,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 2 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 4 years in addition to such term of imprisonment.

Section 841(b)(1)(B) provides the prior conviction must have involved a violation of federal drug law. Stone contends that the district was not compelled to impose a four year special parole term because the events on which his prior conviction was based took place *after* the events which formed the basis for his present conviction. The Government agrees with Stone that § 841(b)(1)(B) was not intended to impose a mandatory four-year term in these circumstances.

The language of § 841(b)(1)(B) supports Stone's interpretation. The section's enhanced sentencing provisions for prior offenders applies "if any person commits such a violation after one or more prior convictions." The district court found that Stone's involvement in this conspiracy ended by October 1975. Stone was convicted of

his "prior" conviction on November 3, 1975. Thus, in the unusual circumstances of this case the enhanced four-year mandatory special parole term is literally inapplicable, because Stone committed his present offense, before, not after his prior conviction.

This result conforms with the intent of the statute to punish recidivists. *See United States v. Allen,* 566 F.2d 1193, 1194–95 (3rd Cir.), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1977). Stone could not have been deterred from committing his present crime by the enhanced sentencing provisions of § 841 (b)(1)(B), because he had no prior convictions at the time he committed the acts constituting his present offense.

Thus, although the district court in its discretion could have sentenced Stone to a four-year special parole term, it did so in the belief that the four-year term was mandatory. For this reason, we affirm the convictions, but remand Stone's case for resentencing by the district court and a reconsideration of the special parole term.