**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leo Calvin HYDER,
Defendant-Appellant.**

**No. 83–3741
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 17, 1984.

Mark L. Horwitz, Orlando, Fla., for defendant-appellant.

Stephen L. Purcell, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

On May 21, 1965, Appellant Leo Calvin Hyder was convicted in the United States District Court for the Middle District of Florida of criminal conspiracy and possession of counterfeit obligations. These crimes are each punishable under federal law by imprisonment for a term exceeding one year. 18 U.S.C.A. §§ 371, 472, 473.

On November 4, 1980, appellant purchased a .22 caliber Winchester rifle, and on November 10, 1980, appellant purchased a second gun, a .308 caliber Browning rifle. At the time appellant purchased these weapons, both of which had been shipped in interstate commerce, he falsely stated that he had not been convicted of a felony.

On May 15, 1981, appellant was charged by information in Florida Circuit Court with violating Fla.Stat.Ann. § 790.23, which makes it a crime for a convicted felon to possess a firearm. The information charged that on or about November 10, 1980, appellant had in his possession or control a Winchester .22 caliber rifle.[1] Appellant entered a plea of nolo contendere to this charge, and was placed on probation for a period of two years.

On August 9, 1983, appellant was charged in the present case in the United States District Court for the Middle District of Florida in a four-count indictment with receiving a firearm shipped in interstate commerce after he had previously been convicted of a felony in violation of 18 U.S.C.A. § 922(a)(6) and with making false statements in the acquisition of a firearm in violation of 18 U.S.C.A. §§ 924(a), 922(h)

in connection with his November 4, 1980, purchase of a .22 caliber Winchester rifle, Counts One and Three, and his November 10, 1980, purchase of a .308 caliber Browning rifle, Counts Two and Four. The district court overruled appellant's motion to dismiss the indictment on the ground, *inter alia*, that the indictment was obtained in violation of his Fifth Amendment right to have his case considered by a grand jury because it was undisputed that the government failed to inform the grand jury of the prior State prosecution and sentence and the government's *Petite* policy.[2] The jury returned a verdict of guilty as charged on each count of the indictment. Appellant was sentenced to concurrent three-year terms of probation and fined $500.00 on each count of the indictment.

This appeal presents a single issue: was appellant deprived of his Fifth Amendment right to have his case considered by a grand jury because the grand jury was not informed of the prior State prosecution and sentence and the government's *Petite* policy? We conclude that he was not, and accordingly affirm the district court's denial of appellant's motion to dismiss the indictment.

■■■ In federal criminal prosecutions, the Fifth Amendment guarantees the right to indictment by an unbiased grand jury. The grand jury's historic role "has been to serve as a 'protective bulwark standing solidly between the ordinary citizen and the overzealous prosecutor,' " *United States v. Pabian*, 704 F.2d 1533, 1535 (11th Cir. 1983), *quoting United States v. Dionisio,*

**1.** The government claims that the weapon charged in the Florida information was not the .22 caliber Winchester rifle purchased by the appellant on November 4, 1980, and charged in the present indictment. The government relies on a letter from the Volusia County State District Attorney's Office which states that the information should have charged possession of a Browning .308 caliber rifle purchased on November 10, 1980, instead of a .22 caliber Winchester rifle. Further, the government notes that the state court presentence report reflects a serial number for the .22 Winchester rifle differing from that of the rifle charged in the present indictment, and that the serial number given in

the presentence report establishes that this rifle was purchased by appellant on June 2, 1977.

**2.** The Justice Department's *Petite* policy bars a federal trial following a state prosecution for the same acts "unless the reasons are compelling." *Rinaldi v. United States*, 434 U.S. 22, 24 n. 5, 98 S.Ct. 81, 82 n. 5, 54 L.Ed.2d 207 (1977). "A United States Attorney contemplating a federal prosecution in these circumstances is required to obtain authorization from an appropriate Assistant Attorney General." *Id.* In this case, the United States Attorney sought and obtained such authorization after the return of the indictment.

410 U.S. 1, 17, 93 S.Ct. 764, 773, 35 L.Ed.2d 67 (1973); thus, the Court has recently reiterated the principle that in our constitutional scheme the grand jury serves the "dual function of determining if there is probable cause to believe a crime has been committed and of protecting citizens against unfounded criminal prosecutions." *United States v. Sells Engineering, Inc.,* — U.S. —, —, 103 S.Ct. 3133, 3137, 77 L.Ed.2d 743, 752 (1983). In order to fulfill these functions, the Fifth Amendment's guarantee of the right to indictment by a grand jury "necessarily presupposes 'an investigative body acting independently of either prosecuting attorney or judge.'" *Pabian,* 704 F.2d at 1535, *quoting Dionisio,* 410 U.S. at 16, 93 S.Ct. at 772.

> Federal courts possess the power and duty to dismiss federal indictments obtained in violation of the Constitution or laws of the United States. In addition, federal courts have a "supervisory power over the administration of justice to regulate the manner in which grand jury investigations are conducted."
>
> *Pabian,* 704 F.2d at 1536 *quoting United States v. Serubo,* 604 F.2d 807, 816 (3d Cir.1979).

Based on these principles, appellant claims that in order for the grand jury to fulfill its constitutional responsibility of protecting citizens against unfounded criminal prosecutions it must be advised of certain facts by the prosecution. In this case, appellant claims that the facts of the prior State prosecution and sentence, the government's *Petite* policy and its reasons for varying from this policy and deciding to prosecute,[3] are so fundamental to this function that the grand jury must be so advised in order to act independently and intelligently. Finally, appellant argues that the fact that probable cause to indict was present does not cure the fact that the grand jury was not presented with sufficient information to determine if the prosecution in this case was unfounded and thus that the indictment must be dismissed.

■ Appellant's argument overlooks equally weighty principles also governing the constitutional functions of the grand jury. Appellant ignores the grand jury's broad investigative function, a function that "implements a fundamental governmental role of securing the safety of the person and the property of the citizen." *United States v. Calandra,* 414 U.S. 338, 344, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974), *quoting Branzburg v. Hayes,* 408 U.S. 665, 701, 92 S.Ct. 2646, 2666, 33 L.Ed.2d 626 (1972). In support of this function, the Supreme Court has recognized that:

> The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. *Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inade-*

---

**3.** The government disputes appellant's characterization of the prosecution in the present case as "arbitrary and unfounded," noting that because the state court information actually referred to the .308 caliber Browning charged in Counts Two and Four of the present indictment the firearm charged in Counts One and Three has never been the basis for any previous charge in state court. As to the .22 caliber Winchester rifle charged in Counts Two and Four, the government notes that the decision to pursue a federal prosecution does not violate the *Petite* policy if, as in this case, proper authorization is sought and received. The government relies on *Pabian,* 704 F.2d at 1537, for its claim that, like the decision to resubmit an indictment to the grand jury involved in that case, the decision to authorize such a prosecution is "a matter of prosecutorial discretion not generally subject to judicial scrutiny." In any event, even assuming that the *Petite* policy had been violated in this case, "we have repeatedly refused to enforce that policy by dismissing an indictment; the practice of avoiding dual prosecution sets only an internal guideline for the Justice Department." *United States v. McInnis,* 601 F.2d 1319, 1323 (5th Cir.1979). Appellant seeks to avoid the *McInnis* holding by arguing that whether or not the *Petite* policy has been violated is not at issue in this case; instead, the sole issue presented is whether the existence of such a policy must be disclosed to the grand jury. We agree that *McInnis* is distinct from the present case; we hold, however, that the prosecution in this case was not "unfounded," and the information claimed by appellant not constitutionally required to be disclosed to the grand jury.

*quate or incompetent evidence ... Calandra*, 414 U.S. at 344–45, 94 S.Ct. at 618 (emphasis added).

Further, the grand jury proceedings are not adversary in nature, but rather consist of inquiries conducted by laymen unfettered by technical rules of trial procedure. *Costello v. United States*, 350 U.S. 359, 364, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956). In rejecting a challenge to an indictment on the ground it was based on hearsay evidence, Justice Black wrote for the Court:

> If indictments are to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more. *Costello*, 350 U.S. at 363, 76 S.Ct. at 408–409.

Based on these principles, the Sixth Circuit has held that when an indictment is valid on its face "the defendant [is] not entitled to challenge it on the ground that information which he considered favorable to his defense was not presented to the grand jury." *United States v. Ruyle*, 524 F.2d 1133, 1136 (6th Cir.1975). In *United States v. Kennedy*, 564 F.2d 1329, 1337–38 (9th Cir.1977), the Ninth Circuit adopted the rule in *Ruyle*, and held that a defendant is not entitled to challenge an indictment valid on its face on the ground that the prosecution failed to present exculpatory evidence to the grand jury. Likewise, the Ninth Circuit has held that a defendant is not entitled to challenge an otherwise valid indictment on the ground that the prosecution failed to advise the grand jury of matters bearing on the credibility of potential witnesses. *United States v.*

*Thompson*, 576 F.2d 784, 786 (9th Cir. 1978).

Appellant argues that the application of these equally governing specific principles concerning the grand jury's constitutional functions by the Sixth and Ninth Circuits should not be followed by this Court because in those cases the courts did not consider the grand jury's function of protecting citizens against unfounded criminal prosecutions. We disagree, and hold that implicit in the investigatory function of the grand jury, as recognized in *Calandra*, is a protective function. Further, we find no principled basis for distinguishing between the necessity of presenting to the grand jury exculpatory information or information bearing on the credibility of witnesses in order for it to fulfill its protective function and presenting information concerning a prior State prosecution and sentence and the government's *Petite* policy.

Appellant relies on *United States v. DeMarco*, 401 F.Supp. 505 (C.D.Cal.1975), *aff'd on other grounds*, 550 F.2d 1224 (9th Cir.1977). In *DeMarco*, the defendant was initially charged in federal court in Washington, D.C., but claimed a right to be tried in his home state of California. The government threatened to present more serious charges in California unless DeMarco waived his right to transfer the case for prosecution in California. He refused, the case was transferred to California, and the government presented the more serious charge to the grand jury and obtained the challenged indictment. The district court dismissed the indictment on multiple grounds, one of which was the government's failure to advise the grand jury of the background information concerning its retaliatory motive in the venue bargaining for seeking the more serious California charge. The court held that the grand jury was entitled to be advised of this information in order to make an independent judgment and protect against unfounded criminal prosecutions.

In *Kennedy, supra,* the Ninth Circuit discussed *DeMarco* and its binding precedent and stated:

We believe that the rule to be distilled from the authorities discussed must be that only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury. To hold otherwise would allow a minitrial as to each presented indictment contrary to the teaching by Mr. Justice Black in *Costello, supra.* We find ourselves in agreement with the Sixth Circuit holding in *Ruyle, supra,* 564 F.2d at 1338.

Although this Court has not previously addressed the issue whether exculpatory information, or information of the kind presented in this case, must be revealed to the grand jury, our cases follow the same application of the governing principles as that in *Kennedy* and *Ruyle:*

> [W]e refuse to adopt the proposition that, absent perjury or government misconduct, an indictment is flawed simply because it is based on testimony that later may prove to be questionable. "Such a rule of law would necessitate independent judicial review of the credibility of grand jury witnesses, an exercise that would seriously infringe upon the traditional independence of the grand jury." *United States v. Guillette,* 2 Cir., 1976, 547 F.2d 743, 753, *cert. denied,* 1977, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102. Moreover, "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra,* 1974, 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561, 569. Thus, we affirm the denial of the motion to dismiss. *See also Costillo v. United States,* 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (indictment based exclusively on hearsay is not constitutionally invalid).

*United States v. Sullivan,* 578 F.2d 121, 124 (5th Cir.1978)[4]; accord, *United States v. Cathey,* 591 F.2d 268, 272 (5th Cir.1979) ("absent a finding that perjury was committed, there is no basis for dismissing the indictment.").

Further, this Court has recognized the "government's virtually plenary power to ... control the grand jury's access to witnesses and information." *Pabian,* 704 F.2d at 1537. Finally, "prejudice must be shown when dismissal is based on violations of the Constitution." *Id.* at 1540.

Therefore, we hold that the Fifth Amendment does not require that the prosecution present information concerning a prior State prosecution and conviction and the government's *Petite* policy to the grand jury when presenting a charge that has been the subject of a previous State prosecution. We note that even had such information been presented to the grand jury, probable cause to indict the appellant was present, and note the government's argument that imposing such a duty to disclose this information could conceivably contravene a defendant's Fifth Amendment right to be indicted by an *unbiased* grand jury. Finally, we decline to exercise our supervisory powers to dismiss the indictment on the ground claimed by appellant of unintentional prosecutorial misconduct in overreaching the grand jury and usurping its independent function, *see United States v. Samango,* 607 F.2d 877, 882–85 (9th Cir. 1979); holding that no such flagrant prosecutorial abuse of the grand jury process and usurpation of the grand jury's independence occurred in this case necessary to invoke this "extreme sanction which should be infrequently utilized." *Pabian,* 704 F.2d at 1536. In sum, we AFFIRM the district court's denial of appellant's motion to dismiss the indictment.

---

**4.** The Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, which is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).