UNITED STATES of America, Plaintiff-Appellant,

v.

Henry Gerald SQUARTINO, Defendant-Appellee.

No. 84–5800.

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1985.

---

Bohn E. Phillips, Asst. U.S. Atty., U.S. Dept. of Justice, Miami Strike Force, Miami, Fla., for plaintiff-appellant.

Bruce E. Wagner and Ivy A. Cowan, Ft. Lauderdale, Fla., for defendant-appellee.

Before VANCE and HATCHETT, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

In this appeal, the government seeks reversal of the district court's dismissal of an indictment charging criminal contempt on the ground that the matter was not properly referred to the United States Attorney. We reverse.

### FACTS

The government subpoenaed Henry Gerald Squartino, the appellant, to appear and testify before a grand jury. On November 8, 1983, Squartino appeared before the grand jury, but refused to testify, despite having been granted immunity under 18 U.S.C.A. § 6003 (West 1985).

On November 22, 1983, Squartino appeared before the grand jury a second time and again refused to testify. At that time, Squartino was taken before the district judge who issued the immunity order. The district judge explained to Squartino that he was required to testify under the grant of immunity and that if he continued in his refusal to testify, he could be found in contempt of court. The district judge again directed Squartino to appear and testify before the grand jury. Squartino reappeared before the grand jury and, for the third time, refused to testify.

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

On June 5, 1984, the government indicted Squartino on one count of criminal contempt, 18 U.S.C.A. § 401(3) (West 1966). On August 3, 1984, relying upon *In Re Amalgamated Meat Cutters and Butcher W., etc.*, 402 F.Supp. 725 (E.D.Wis.1975), the district court (a different judge) dismissed the indictment on the ground that "[t]o allow an indictment for criminal contempt to stand, where the investigation was not begun under the direction of an order of reference in the court whose order was originally disobeyed, would deprive the court of its recognized authority to control the conduct of criminal contempt proceedings."

### CONTENTIONS OF THE PARTIES

The government contends that the district court erred in relying upon *Amalgamated Meat Cutters* because that decision was implicitly rejected in *United States v. Williams*, 622 F.2d 830, 837–38 (5th Cir. 1980) (en banc) (citing with approval *United States v. Morales*, 566 F.2d 402, 404 (2d Cir.1977)).** Under *Williams*, 622 F.2d at 838, "no action by the court is necessary before an indictment for criminal contempt may be handed up...."

Assuming that an order of reference is required, the government argues that the district judge's instructions to Squartino to reappear before the grand jury in order to permit the government to lay the predicate for criminal contempt charges is such an order of reference.

Squartino argues that, under Rule 42(b), Federal Rules of Criminal Procedure, a reference order is required, and the district judge's instructions to Squartino did not constitute such an order.

Squartino also argues that assuming that the district judge's instructions constitute a sufficient reference order, the indictment should be dismissed on the ground that the

** Decisions of the Fifth Circuit rendered prior to September 30, 1981, are binding precedent in the Eleventh Circuit until overruled by this court sitting en banc. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

government presented the criminal contempt charges to the same grand jury before which Squartino had refused to testify; the government thereby violated his fifth amendment right to due process. The government counters that the constitutionality of the challenged practice is well established.

## DISCUSSION

Pursuant to Fed.R.Crim.P. 42 (West 1976), criminal charges may be prosecuted by summary disposition or upon notice and hearing. Rule 42 provides:

Rule 42. Criminal Contempt

(a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court....

(b) Disposition upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest.

■ We decline the parties' invitation to resolve the issue of whether criminal contempt charges brought under rule 42(b) may be prosecuted by indictment, without an order of reference from a district judge. We hold that assuming an order of reference is required, on the facts of this case, the district judge's instructions constitute such a reference order.

In response to Squartino's attorney's request that the district judge make a contempt determination, the district judge replied:

No. Let [Squartino] go back before the Grand Jury and let the record reflect if the Government wants to lay the predicate for a criminal contempt action, they have the right to do it and, therefore, I am going to order that [Squartino] go back to the Grand Jury so that the full predicate can be laid, if that's the direction in which the government wants to take it.

The district court erred in finding that these instructions did not constitute a reference order.

■ We also reject Squartino's argument that presentation of the criminal contempt charge to the same grand jury before which he refused to testify violated his right to procedural due process. Squartino has failed to demonstrate that he was prejudiced by the same grand jury's consideration of the criminal contempt charges. Accordingly, we decline to exercise our supervisory powers to dismiss the indictment. *See United States v. Hyder*, 732 F.2d 841 (11th Cir.1984); *United States v. Morales*, 566 F.2d 402, 405–06 (2d Cir.1977).

REVERSED and REMANDED