968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Seymour POLLACK, Defendant-Appellant.
 No. 91-15646.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1992.*
Decided July 1, 1992.
 
 Before FLETCHER, POOLE and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Seymour Pollack appeals pro se the district court's denial of his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Pollack contends that his trial on federal conspiracy, mail fraud and embezzlement charges (1) was barred by the double jeopardy clause; (2) violated his right to a speedy trial; and (3) was unfair because of ineffective assistance of counsel. We affirm.
 
 BACKGROUND
 
 3
 Pollack and his two co-defendants were convicted of conspiracy, mail fraud and embezzlement of an ERISA fund in a trial held in federal district court in Nevada in May 1986. He had previously been convicted as a result of other conspiracy indictments in the Eastern District of Pennsylvania, United States v. Feinman, No. 80-00757, and in the Middle District of Florida, United States v. Murgo, No. 82-67-Orl-Cr-R. Pollack appealed his Nevada conviction to this court, which affirmed in an unpublished disposition. United States v. Pollack, No. 86-1183 (9th Cir. April 29, 1988) (text on Westlaw at 1988 WL 47729) ("Direct Appeal "). The Supreme Court denied Pollack's petition for certiorari. 490 U.S. 1027 (1989). Pollack subsequently filed a motion for reduction of his sentence pursuant to Rule 35. Citing Pollack's poor health, the district court reduced his sentence of nine years incarceration to five years probation, in an order dated October 23, 1989.
 
 
 4
 On November 13, 1990, Pollack filed a motion pro se in the district court to vacate his conviction pursuant to 28 U.S.C. § 2255. The petition focussed almost entirely on the double jeopardy issue; however, in the last sentence, Pollack summarily asserted speedy trial and ineffective assistance of counsel claims.[1] The district court denied the petition. United States v. Pollack, No. CR-S-85-039-LDG (D.Nev. March 19, 1991). Pollack now appeals.
 
 JURISDICTION
 
 5
 The district court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291.
 
 STANDARD OF REVIEW
 
 6
 Denial of a § 2255 motion is reviewed de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989).
 
 DISCUSSION
 1. Double Jeopardy
 
 7
 Pollack argues that the Pennsylvania and Florida convictions were based on the same conduct for which he was subsequently prosecuted in Nevada. The Double Jeopardy clause would bar the prosecution "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady v. Corbin, 495 U.S. 508, 510 (1990).
 
 
 8
 Pollack raised the double jeopardy issue on his direct appeal. Ordinarily, he would be foreclosed from raising it on collateral review under 28 U.S.C. § 2255 since it was raised at trial and fully considered on direct appeal. United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985); Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert. denied, 423 U.S. 842 (1975).
 
 
 9
 Assuming arguendo that Grady v. Corbin changed the law and thereby made the issue appropriate for reconsideration on collateral review, Davis v. United States, 417 U.S. 333, 342 (1974), Pollack's claim still fails. On direct review, this court found that the Florida conspiracy was "completely different" from the Nevada conspiracy, and that the Pennsylvania conspiracy involved different co-conspirators, victims and locations. Direct Appeal at The conspiracies cannot be considered the "same conduct" within the meaning of Grady.
 
 2. Speedy Trial
 
 10
 Following Pollack's indictment on March 25, 1985, trial was continued five times until May 6, 1986. Pollack's appointed counsel joined in each stipulated continuance. Pollack now claims that the continuances, coupled with a nearly five-year delay between the date of the crime and the bringing of the indictment, violated his right to a speedy trial.
 
 
 11
 Pollack cannot claim that this issue was fairly presented to the district court on his § 2255 motion. The speedy trial claim was mentioned only in passing in the last sentence of his brief to the district court, and the district court rejected it on that basis. "Merely conclusionary statements in a § 2255 motion are not enough to require a hearing." United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981). The factual predicate for the claim was developed for the first time in Pollack's appellate brief. New issues on appeal are waived. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 12
 Assuming that the facts as described in Pollack's appellate brief had been presented to the district court, they are insufficient to merit relief. Because Pollack did not raise the issue of excessive continuances on his direct appeal, he must show good cause for his failure to do so and actual prejudice from delay. United States v. Frady, 456 U.S. 152, 168 (1982) (cause and prejudice standard applies to § 2255 actions premised on unpreserved trial errors). Pollack has not shown prejudice. Indeed, his contention on direct appeal was that the district court's failure to grant a sixth continuance was reversible error. Direct Appeal at * 1-2.
 
 
 13
 As for pre-indictment delay, Pollack must make a threshold showing of "actual, nonspeculative prejudice." United States v. Stone, 633 F.2d 1272, 1274 (9th Cir.1979). His assertions of prejudice are almost identical to those rejected in Stone.
 
 
 14
 To show prejudice, [appellant] asserts that "many of the individuals who could have testified as to appellant's activities around the dates in question had become unavailable. Furthermore, the delay had resulted in the impairment of the memories of appellant and other defense witnesses." These general conclusory allegations are insufficient to show actual prejudice.
 
 
 15
 Id.
 
 3. Ineffective Assistance of Counsel
 
 16
 Like the speedy trial claim, this argument was asserted only in conclusory terms before the district court and is rejected for that reason.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The Court is additionally requested to consider that POLLACK's right to a speedy trial was violated as demonstrated by the record and docket sheet in this case; and that he was denied the effective assistance of counsel prior to trial, thus negating any proper defense he could have presented at the trial as well as preventing him from performing all the other 'core functions' required to be done by an attorney in a criminal case as complicated as the one at bar."