**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David R. BENJAMIN; Philip C. Bourdette; Miriam R. Bourdette; Cecilia Jason Dederich; Dan L. Garrett, Jr.; Elizabeth Missakian; Sybil Schiff; Steven Simon; Dan Sorkin, Defendants-Appellants.**

**David R. BENJAMIN; Philip C. Bourdette; Miriam R. Bourdette; Cecilia J. Dederich; Dan L. Garrett, Jr.; Elizabeth Missakian; Sybil Schiff; Steven Simon; Dan Sorkin, Petitioners,**

v.

**UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF CALIFORNIA, Respondent,**

**United States of America, Real Party in Interest.**

**Nos. 86-1337, 86-7717.**

United States Court of Appeals, Ninth Circuit.

Motion to Dismiss Appeal Submitted Dec. 11, 1986.*

Decided March 11, 1987.

Robert D. Luskin, Washington, D.C., Kenneth W. De Vaney, Fresno, Cal., Thomas J. Nolan, Palo Alto, Cal., Richard Mazer, San Franciso, California; Jay W. Powell, Visalia, Cal., Tom Henze, Phoenix, Arizona; Robert N. Harris, Los Angeles, Cal., Mark E. Overland, Los Angeles, Cal., John L.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Williams, San Jose, Cal., and Salvatore Sciandra, Fresno, Cal., for defendants-appellants.

Guy L. Goodwin, Washington, D.C., for plaintiff-appellee.

Before CANBY, REINHARDT and THOMPSON, Circuit Judges.

CANBY, Circuit Judge:

Defendant-appellants seek review of the district court's denial of their motion to dismiss an indictment on the ground of irregularities in the grand jury proceedings. The government moves to dismiss the appeal for lack of jurisdiction. In light of the Supreme Court's decision in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed. 250 (1986), we find the district court order appealable under the collateral order doctrine.[1]

## I. FACTS

Following lengthy federal grand jury proceedings, defendants were charged on October 1, 1985 in a 22–count indictment with conspiracy, concealment of material facts, obstruction of justice, and perjury. The indictment grew out of an IRS audit of The Synanon Church, and civil litigation between Synanon, the United States, and private parties in California State and District of Columbia courts. Defendants are charged with committing perjury and making false statements to conceal the destruction and alteration of documents and tape recordings pertaining to those proceedings.

From the outset, defendants apparently were concerned about participation of a government consultant, Dr. Richard Ofshe, in the grand jury investigation. At the time of the grand jury proceedings, Ofshe was involved in a civil action for intentional infliction of emotional distress, abuse of process, and malicious prosecution against six of the nine criminal defendants in this action.

Ofshe amended his civil action to charge the six defendants with systematic destruction and concealment of evidence in his and other civil suits, placing in issue the exact allegations that form the basis for the later indictment against defendants. Immediately after amendment of Ofshe's action, the government obtained an order from the United States District Court for the District of Columbia authorizing release of "documents and recordings subpeonaed by the grand jury to the government's expert, Richiard [sic] J. Ofshe."[2] District of Columbia Chief Judge Aubrey Robinson Jr. granted the request "for the purpose of assisting the federal grand jury and the United States Attorney in the investigation."[3]

To secure disclosure of the tape recordings and details of the investigation to Ofshe, the government represented to the district court that Ofshe's assistance was necessary to the investigation because "the federal investigative agency involved lacks familiarity with Synanon records and the voices appearing on Synanon tape record-

---

1. Defendants' appeal was submitted to this motions panel for consideration of the jurisdictional question. Accordingly, we rule only on the appealability of the district court order; the merits of appellants' appeal will be considered separately in due course.

2. *United States v. Benjamin,* No. CR–F–86–1 REC, slip op. at 23 (E.D.Cal. May 1, 1986) (Decision & Order Re Defense Motion for Disclosure of Grand Jury Transcripts and Minutes) (quoting government's Application for Disclosure Order Pursuant to Rule 6(e)(3)(C)(i) & 6(e)(3)(D), F.R.Cr.P.) (ER at 85)).

By this time, Ofshe had already appeared several times as a witness before the grand jury. The extent of Ofshe's participation, and whether the charging grand jury was aware of his adverse interests to the defendants, is unclear.

3. *In re Grand Jury Proceedings: Grand Jury 84–1, Possible Violations of 18 U.S.C. 1505, 1503, 371, 1001, 1962,* Misc. No. 84–096, slip op. at 3 (D.D.C. Aug. 2, 1984).

Although proceedings were initiated in the District of Columbia, on December 20, 1985, the case was transferred to the Eastern District of California on defendants' motion. *United States v. Benjamin,* 623 F.Supp. 1204 (D.D.C.1985).

ings...."[4] The record on appeal indicates that the government did not, however, inform the district court of Ofshe's civil suit against the defendants.[5] The record also indicates that before the government's *ex parte* motion for disclosure of the grand jury materials, the government was well aware of the civil suit and the fact that its expert consultant was seeking damages from defendants for the very conduct underlying the grand jury investigation.[6]

Defendants moved for discovery of the grand jury transcripts under Fed.R.Crim.P. Rule 6(e)(3)(C)(ii) in the District Court for the Eastern District of California. Through the court's May 1, 1986 order denying discovery in part, defendants learned of Ofshe's involvement in the grand jury proceedings; at the same time, defendants learned that the government failed to disclose Ofshe's interest to the District Court for the District of Columbia in moving to secure disclosure of the materials.

Defendants then moved for dismissal of the indictment for violation of Rule 6(e)(2)[7]. Judge Robert E. Coyle of the Eastern District of California denied the motion.[8] While acknowledging the government's failure to disclose Ofshe's interest to the District Court for the District of Columbia, he concluded that the problem was not serious and that the irregularity did not warrant dismissing the indictment.

Defendants appeal the order denying dismissal, asserting jurisdiction in this court under 28 U.S.C. § 1291. The government has now moved to dismiss.

## II. APPEALABILITY

As a general rule, a party must "raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). Appellants seek to escape that rule by establishing that the district court's denial of their motion to dismiss is appealable as a "collateral order" under the doctrine of *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). To qualify for this exception to the final judgment requirement, the order under appeal must meet three conditions.

> First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; third, it must "be effectively unreviewable on appeal from a final judgment."

*Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). It is the third requirement that is in dispute in this case, and it is the third requirement that has traditionally presented the greatest obstacle to interlocutory appeals like this one.

We have entertained claims of violations of Rule 6(e) and of other grand jury irregularities on appeal after final judgment. *United States v. De Rosa*, 783 F.2d 1401, 1404–07 (9th Cir.1986); *United States v. Claiborne*, 765 F.2d 784, 794–96 (9th Cir. 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986); *United States v. Stone*, 633 F.2d 1272, 1275 (9th Cir.1979). As a corollary, we have refused to entertain such claims on interlocutory appeal of a district court's denial of a motion to dis-

---

**4.** *United States v. Benjamin, supra* note 2, slip op. at 23.

**5.** The Eastern District assumed this lack of notice for purposes of ruling on defendants' Motion to Dismiss the indictment. *United States v. Benjamin*, No. CR–F–86–1 REC, slip op. at 10 (E.D.Cal. Nov. 4, 1986) (Order Re Motion to Dismiss for Violation of Rule 6(e), Fed.R.Crim. P.).

**6.** *United States v. Benjamin, supra*, note 5, slip op. at 10.

**7.** (2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules.
Rule 6(e)(2), Fed.R.Crim.P.

**8.** *United States v. Benjamin, supra* note 5.

miss an indictment. Our leading decision to that effect is *United States v. Garner*, 632 F.2d 758 (9th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). *Accord United States v. Bendis*, 681 F.2d 561, 569 (9th Cir.1981) (following *Garner*), *cert. denied*, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982). While we also based our decision in *Garner* on the disruptive effect interlocutory appeals would have on the criminal justice system, the foundation of our decision was the availability of review after final judgment. We stated that the one unanswered question that the appeal presented under the *Cohen* analysis was "whether the particular right involved would be 'lost, probably irreparably' if immediate appellate review [were] not available." *Garner*, 632 F.2d at 765 (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225). And we answered that question in the concluding sections of our opinion when we quoted *In re Grand Jury Proceedings (Johanson)*, 632 F.2d 1033, 1039 (3d Cir.1980):

> [F]lawed grand jury proceedings can be effectively reviewed by this court and remedied after a conviction [has] been entered and all criminal proceedings have been terminated in the district court.... Because delayed appellate review will not irreparably deny Johansen his right to an impartial grand jury (his conviction could be reversed if at a later stage we conclude the grand jury was tainted) the order is not reviewable immediately as a collateral order.

*Garner*, 632 F.2d at 766.

Appellants contend, however, that we cannot today deny their interlocutory appeal on the ground that their claim may effectively be reviewed after final judgment. They argue that effective review after conviction has been rendered unavailable by the recent decision of the Supreme Court in *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). In *Mechanik*, the defendants asserted, on appeal after conviction, that an irregularity in the grand jury proceedings rendered their convictions void. Although Fed.R.Crim.P. 6(d) provides that only "the witness under examination" shall be

present at grand jury proceedings, two government witnesses had testified in tandem. The defendants did not discover the violation until after trial commenced. Defendants moved for dismissal, but the district court deferred ruling on the motion until the trial's conclusion. The district court then denied the defendants' motion. The Fourth Circuit set aside Mechanik's conspiracy conviction, which had been "tainted" by the Rule 6 violation. A divided Supreme Court reversed.

In its majority opinion, the Court assumed that simultaneous presence of the two witnesses violated Rule 6(d) and that the district court might have been justified in dismissing portions of the indictment prior to trial. *Mechanik*, 106 S.Ct. at 941. The Court held, however, that the supervening jury verdict established that any error in the grand jury proceeding was harmless under Fed.R.Crim.P. Rule 52(a). Therefore, reversal of the conviction and dismissal of the indictment were inappropriate:

> The error involving Rule 6(d) in these cases had the theoretical potential to affect the grand jury's determination whether to indict these particular defendants for the offenses with which they were charged. But the petit jury's subsequent guilty verdict not only means that there was probable cause to believe that the defendants were guilty as charged, but that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceedings connected with the charging decision was harmless beyond a reasonable doubt.

*Mechanik*, 106 S.Ct. at 941–42 (footnote omitted).

The question before us, then, is whether the effect of *Mechanik* will be to deprive appellants of any effective review of their claim after final judgment. Another way to put the question is to ask whether, after giving full precedential effect to *Mechanik*, we would be able to afford appellants any relief if their contentions proved to be meri-

torious. We conclude that the answer is "no."

First, it seems clear enough that the harmless error doctrine adopted by the majority in *Mechanik* rendered the claim of grand jury irregularities asserted by the defendant there effectively unreviewable. Indeed, the government concedes that a similar application of the harmless error rule to appellants' claims in this case would render them effectively unreviewable after final judgment.

It is true that there are distinctions between this case and *Mechanik*. Appellants here assert a violation of Rule 6(e)'s prohibition on disclosure of matters occurring before the grand jury, while Mechanik asserted a violation of Rule 6(d). We fail to see how this distinction could cause a difference in result, however. Appellants contend that the improper disclosure was to an interested witness for the purpose of assisting in the grand jury's investigation. The argument is primarily one of taint, or an improper effect on the grand jury's decision to indict. Yet any such effect on the grand jury's probable cause determination will, under the rationale of *Mechanik*, be rendered harmless if a petit jury finds appellants guilty beyond a reasonable doubt. We would not be free to avoid a harmless error analysis under Federal Rule of Criminal Procedure 52(a) because the *Mechanik* majority saw "no reason not to apply this provision to 'errors, defects, irregularities or variances' occurring before a grand jury just as we have applied it to such error occurring in the criminal trial itself." *Mechanik*, 106 S.Ct. at 942 (citation omitted).[9]

There is another distinction between this case and *Mechanik*. The grand jury irregularity in this case was the subject of a motion made and ruled upon before trial. In *Mechanik*, the irregularity was discovered, and the motion made, after the trial had begun. The majority in *Mechanik* stated: "We express no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's

charging decision and is brought to the attention of the trial court before the commencement of trial." *Id.* at 943 (footnote omitted). This disclaimer means that *Mechanik* does not automatically apply to our case, involving as it does the denial of a pretrial motion to dismiss.

Nevertheless, we are convinced that we would be failing to accord *Mechanik* the precedential effect that is fairly due it if we failed to apply its harmless error doctrine to appellants' claims after final judgment. Certainly the harmless error analysis that we have already quoted above would apply; the grand jury's reasonable cause determination would have been mooted by conviction upon a finding of guilt beyond a reasonable doubt. In addition, much of the emphasis of the *Mechanik* majority opinion is on the societal costs of retrial, including loss of witness' memory or availability, the possibility that the offender may escape retrial altogether, and delay in the administration of justice that may impede deterrence and rehabilitation. *Id.* at 942–43.

These societal costs of reversal and retrial are an acceptable and often necessary consequence when an error in the first proceeding has deprived a defendant of a fair determination of the issue of guilt or innocence. But the balance of interest tips decidedly the other way when an error has had no effect on the outcome of the trial.

... In such a case, the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings.

*Id.* at 943. We fail to see how this language could be considered inapplicable to the present contentions of appellants if they were raised after trial and conviction.

Two other Circuits have applied *Mechanik*'s harmless error analysis to allegations of grand jury irregularities other than violations of Rule 6(d). In *Porter v. Wainwright*, 805 F.2d 930, 941–42 (11th Cir.

---

**9.** We intimate no views on the standard of review or application of the harmless error doctrine to be applied in an interlocutory appeal. We leave those matters for decision, if necessary, when the merits of this appeal are addressed.

1986), the Eleventh Circuit applied *Mechanik*'s harmless error rule to a claim of grand juror bias, brought on appeal after trial and conviction. The Seventh Circuit did the same with a claim of alleged prosecutor misconduct before the grand jury in *United States v. Thomas,* 788 F.2d 1250, 1254 (7th Cir.1986).

We conclude, therefore, that the effect of *Mechanik* is to render appellants' claims effectively unreviewable after trial. *See Mechanik,* 106 S.Ct. at 943 (concurring opinion of Justice O'Connor). Appellants' interlocutory appeal consequently satisfies the third *Cohen* requirement. *See id.* at 947 n. 1 (dissenting opinion of Justice Marshall) (*Mechanik* ruling could render denial of Rule 6(d) motion appealable before trial as collateral order).

We are aware of the decision of the Tenth Circuit in *United States v. Taylor,* 798 F.2d 1337, 1339–40 (10th Cir.1986). In that case, appellants had moved for dismissal of the indictment because the prosecution had "invaded the defense camp," had failed to present exculpatory evidence to the grand jury, had biased the grand jury with "inadmissible, inflammatory, and prejudicial evidence," and had improperly used state officers in the grand jury investigation. The district court denied the motion and appellants sought an interlocutory appeal. *Id.* at 1338. The court of appeals dismissed, holding that the grand jury irregularities could be effectively reviewed after final judgment notwithstanding *Mechanik.* The court of appeals ruled that the allegations of the appellants went beyond the question of probable cause and attacked the "fundamental fairness" of the criminal proceedings, which would be justiciable after final judgment and not subject to the *Mechanik* harmless error analysis. *Id.* at 1340.

We need not decide whether we agree with the court of appeals' characterization of the appellants' claims in *Taylor.* It is enough that we conclude that appellants' claims of violation of Rule 6(e) in the present case are sufficiently aimed at the grand jury's charging process that they fall within the ambit of *Mechanik.* The prejudice in this case that *Mechanik* would require us to evaluate in an appeal after conviction is an erroneous charging decision by the grand jury, for violations of Rule (6)(e), and *Mechanik* holds that any such prejudice is wiped out by the petit jury's verdict. Nothing in *Taylor* leads us to change our conclusion that appellants' claim of irregularities has been rendered effectively unreviewable after final judgment.

The government does not seriously contest the fact that the order being appealed, having met the third *Cohen* requirement, also meets the first two. The district court's order was a final determination of the question whether the asserted violations of Rule 6(e) required dismissal of the indictment. Moreover, the order is collateral to the claims of guilt or innocence that are to be determined at the trial by a petit jury, under this indictment if appellants' appeal is unsuccessful or possibly under a later indictment if the appeal is successful. *See Garner,* 632 F.2d at 765.

We conclude, therefore, that the district court's order meets all of the requirements of *Cohen* and is now appealable under 28 U.S.C. § 1291 as a collateral order. We recognize that interlocutory appeals can be disruptive of the criminal justice system, *see Garner,* 632 F.2d at 766, but means may be found to expedite such appeals and to weed out groundless ones promptly. *See Richardson v. United States,* 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984); *Abney v. United States,* 431 U.S. 651, 662 n. 8, 97 S.Ct. 2034, 2042 n. 8, 52 L.Ed.2d 651 (1977). Our conclusion that the district court's order in this case is appealable as a collateral order stems not only from its meeting the technical requirements for an interlocutory appeal, but also from the fact that if no appeal is allowed at this stage, appellants will wholly fail to benefit from the protections Rule 6(e) imposes on the constitutionally-mandated grand jury process.[10] Errors that affected

---

10. "A major characteristic of the denial or granting of a claim appealable under *Cohen*'s

'collateral order' doctrine is that 'unless it can be reviewed before [the proceedings terminate],

the grand jury proceedings to the detriment of the accused, and that would have justified the district court in dismissing the indictment before trial, would go wholly unremedied if the district court itself erred in denying dismissal. We cannot believe that Congress and the Supreme Court intended such ineffectiveness for the Rule.[11] An interlocutory appeal will prevent that untoward result, and § 1291 is to be given a "practical rather than a technical construction." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226 (citing *Cobbledick v. United States*, 309 U.S. 323, 328, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940)).

The government's motion to dismiss is denied. A briefing schedule will be established by separate order. Our disposition of this motion makes it unnecessary to address appellants' conditional petition for writ of mandamus.

MOTION TO DISMISS DENIED.

DAVID R. THOMPSON, Circuit Judge, dissenting:

This circuit has held that a district court's pre-trial order denying a motion to dismiss an indictment because of grand jury irregularities is not immediately appealable. *United States v. Garner*, 632 F.2d 758, 765 (9th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). *See United States v. Bendis*, 681 F.2d 561, 569 (9th Cir.1981), *cert. denied*, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *United States v. Linton*, 655 F.2d 930, 932 (9th Cir.1980) (per curiam), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 301 (1981). In *Garner* we stated:

> We are convinced that, especially in the criminal context, the policy against

piecemeal appellate adjudication is sound and that the exceptions to the rule should be few. To allow an interlocutory appeal in this instance would create nothing short of chaos in the criminal justice system.

*Id.* at 766. Today, however, the majority would permit piecemeal appellate adjudication. In its view, *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), will "deprive appellants of any effective review of their claim after final judgment" (Majority Opinion at 551). Because I do not believe *Mechanik* compels this result, I respectfully dissent.[1]

In *Mechanik*, a federal grand jury returned an indictment charging defendants with drug-related offenses and conspiracy. The indictment was concededly free from any claim of error. The grand jury then returned a superseding indictment in which the conspiracy charge was expanded. In support of the superseding indictment, the United States Attorney presented the testimony of two law enforcement agents who were sworn together and questioned in tandem before the grand jury. The court stated:

> We assume for the sake of argument that the simultaneous presence and testimony of the two Government witnesses before the grand jury violated Rule 6(d), and that the District Court would have been justified in dismissing portions of the indictment on that basis had there been actual prejudice and had the matter been called to its attention before the commencement of trial.

*Id.* at 941. Through no lack of diligence on the part of the defense, the irregularity in

---

it can never be reviewed at all.'" *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (quoting *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1951) (brackets in original)).

11. We reject the government's contention that the right asserted by appellants under Rule 6(e) is not "important" enough to justify the delay in trial that is inherent in an interlocutory appeal. Rule 6(e) certainly protects important interests in ensuring grand jury secrecy. Whether the facts of appellants' case justify the remedy of dismissal of the indictment is not to be deter-

mined as a threshold test of appealability, but is rather a matter for determination when the appeal is heard on its merits.

1. As the majority notes, "*Mechanik* does not automatically apply to our case" (Majority Opinion at 552). The *Mechanik* Court stated: "We express no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision and is brought to the attention of the trial court before the commencement of trial." 106 S.Ct. at 943.

the grand jury proceedings was not discovered until the second week of trial. A motion to dismiss the indictment was made at that time. Initially, the district court denied the motion on the ground that the two agents' testimony had not violated Rule 6(d). The motion was renewed during trial, taken under submission by the district court and denied after trial. The district court concluded Rule 6(d) had been violated, but the violation had not harmed the defendants. A divided Court of Appeals and a divided en banc panel of the Fourth Circuit reversed the conspiracy convictions and affirmed the defendants' convictions on other charges. In reversing the Fourth Circuit's dismissal of the conspiracy portion of the indictment, the Supreme court stated:

> Both the District Court and the Court of Appeals observed that Rule 6(d) was designed, in part, "to ensure that grand jurors, sitting without the direct supervision of a judge, are not subject to undue influence that may come with the presence of an unauthorized person." 735 F.2d [136] at 139. The Rule protects against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty. *The error involving Rule 6(d) in these cases had the theoretical potential to affect the grand jury's determination whether to indict these particular defendants for the offenses with which they were charged.* But the petit jury's subsequent guilty verdict not only means that there was probable cause to believe that the defendants were guilty as charged, but that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, *any error in the grand jury proceedings connected with the charging decision* was harmless beyond a reasonable doubt. (emphasis added)

*Id.* at 941–42.

In the present case, appellants claim that Rule 6(e) was violated. The government failed to disclose to the district court, in an ex parte motion to obtain disclosure of grand jury materials, that a grand jury witness (the government's expert consultant Ofshe) was also a party to a pending civil action against the appellants. Ofshe's civil action involved claims based on allegations identical to those in the criminal case. The district court granted the ex parte motion. As a result, appellants argue, grand jury evidence, required to be kept secret by Rule 6(e), was disclosed to Ofshe.

Although the majority characterizes the alleged violation as one of "taint, or [having] an improper effect on the grand jury's decision to indict" (Majority Opinion at 552), the record does not suggest that the grand jury's decision to indict was affected in any way by the disclosure of information to Ofshe. I believe a distinction may be drawn between the Rule 6(d) violation in *Mechanik* and the Rule 6(e) violation claimed by appellants. In *Mechanik*, the Supreme Court noted that Rule 6(d) was designed, in part, to ensure that grand jurors are not subject to undue influence in their decision to indict. 106 S.Ct. at 941–42. Rule 6(e), however, was designed to "codif[y] the traditional rule of grand jury secrecy." *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 745 (1983).

The Supreme Court has delineated the interests served by safeguarding the secrecy of grand jury proceedings:

> First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There would also be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against the indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are

accused but exonerated by the grand jury will not be held up to public ridicule. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979) (quoted in *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 424, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983)). *See United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681–82, n. 6, 78 S.Ct. 983, 985–86 n. 6, 2 L.Ed.2d 1077 (1958).

While one might hypothesize circumstances in which a violation of Rule 6(e) could affect a grand jury's decision whether to indict, those circumstances are not present in this case. Since they are not, should the appellants be convicted at trial, *Mechanik* will not preclude post-trial appellate review of the issue appellants seek to raise in this interlocutory appeal. "[T]he petit jury's verdict [will only render] harmless any conceivable error in the *charging decision* that might have flowed from the violation." *Mechanik* 106 S.Ct. at 943 (emphasis added). The grand jury's charging decision in this case did not flow from the claimed violation of Rule 6(e) and, therefore, *Mechanik* is inapposite. The appellants will retain whatever post-conviction right of review they had pre-*Mechanik.* Accordingly, they should be precluded from raising in this interlocutory appeal their claim that Rule 6(e) was violated.[2]

Because of (1) the strong policy against piecemeal appellate adjudication; (2) the view that *Mechanik* should be narrowly construed (*see United States v. Taylor,* 798 F.2d 1337, 1340 (10th Cir.1986) ("*Mechanik* was carefully crafted along very narrow lines, and it has not resulted in another exception to the final judgment rule.")); and (3) the distinction between a Rule 6(d) violation which affects the grand jury's decision to indict and a Rule 6(e) violation which may contravene the policy of grand jury secrecy, I respectfully dissent.

2. *See United States v. Taylor,* 798 F.2d 1337 (10th Cir.1986), in which the Tenth Circuit held that *Mechanik* would not preclude post-trial review of claims of grand jury irregularity which raised issues "beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment." *Id.* at 1340.

*And see United States v. Stone,* 633 F.2d 1272 (9th Cir.1979), court of appeals in a pre-*Mechanik* decision reviews claimed violation of Rule 6(e) in post-trial appeal; comments that contempt rather than dismissal of indictment is more appropriate sanction for Rule 6(e) violation. *Id.* at 1275.