**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sybil SCHIFF, Defendant–Appellant.**

**No. 88–1329.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1989.

Decided May 15, 1989.

As Amended on Denial of Rehearing
July 20, 1989.

Mark E. Overland, Overland, Berke, Wesley, Gits, Randolph & Levanas, Los Angeles, Cal., Robert D. Luskin, Washington, D.C., for defendant-appellant.

William C. Brown, General Litigation and Legal Advice Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CHOY, SNEED and NOONAN, Jr., Circuit Judges.

SNEED, Circuit Judge:

Schiff appeals from the district court's order denying her motion to dismiss the indictment and motion for disclosure of grand jury transcripts. We dismiss the appeal.

## I.

## FACTS AND PROCEEDINGS BELOW

This appeal is a result of a Justice Department investigation of the Synanon Church. This court has already heard several appeals by Ms. Schiff's codefendants. *See United States v. Benjamin*, 852 F.2d 413 (9th Cir.1988); *United States v. Dederich*, 825 F.2d 1317 (9th Cir.1987); *United States v. Benjamin*, 812 F.2d 548 (9th Cir. 1987) (*Benjamin I*).

Ms. Schiff and eight codefendants are charged in a twenty-two count indictment with conspiracy, concealment of material facts, obstruction of justice, and perjury. Schiff filed a motion to dismiss the indictment based on prosecutorial misconduct. She alleges that the government engaged in "privilege harassment" by subpoenaing her to testify before the grand jury knowing she would invoke her Fifth Amendment privilege. She also appeals the district court's denial of her motion to produce grand jury transcripts.

## II.

## JURISDICTION

The district court had jurisdiction over this case under 18 U.S.C. § 3231 (1982). Our jurisdiction turns on whether we have jurisdiction to entertain an interlocutory appeal. The Supreme Court recently held that an order denying a motion to dismiss the indictment for a violation of Fed.R.Crim.P. 6(e) is not an appealable collateral order. *See Midland Asphalt v. United States,* —— U.S. ——, ——, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989). Its reasoning provides no basis for concluding that an order denying a motion for discovery is an appealable collateral order while an order denying a motion to dismiss the indictment is not. Nor do Schiff's objections justify an interlocutory appeal by implicating the grand jury clause of the Fifth Amendment. "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment to be an indictment, gives rise to the constitutional right not to be tried." *Id.* at 1499–1500.

Accordingly, we hold that we lack jurisdiction to entertain Schiff's appeal of the district court's order denying her motion to dismiss the indictment.

**APPEAL DISMISSED.**