**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roosevelt TAYLOR, Jr.,
Defendant–Appellant.**

No. 88–1351.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1989.

Decided Aug. 11, 1989.

See also, D.C., 693 F.Supp. 828.

Stuart Hanlon, Tamburello, Hanlon, Bresciani & Waggener, San Francisco, Cal., for defendant-appellant.

Laurie Kloster Gray, Asst. U.S. Atty., Appellate Section, San Francisco, Cal., for plaintiff-appellee.

Before WALLACE and NOONAN, Circuit Judges, and ZILLY,* District Judge.

WALLACE, Circuit Judge:

Taylor was indicted for perjury in violation of 18 U.S.C. § 1623. Taylor filed a motion to dismiss the indictment, alleging that prosecutorial misconduct before the grand jury violated his due process rights. The district court denied the motion and Taylor filed this interlocutory appeal. We dismiss Taylor's appeal for lack of jurisdiction.

I

Taylor, a real estate broker, was subpoenaed three times to testify before a federal grand jury investigating Rudolph Henderson, one of Taylor's clients. Based on testimony at his second and third appearances, Taylor was indicted for six

counts of making false declarations before a grand jury. Taylor argues now, as he did before the district court, that the indictment should be dismissed due to prosecutorial misconduct. Taylor contends that the prosecutor violated his due process rights by setting a "perjury trap."

According to Taylor, the prosecutor subpoenaed him a second and third time for the sole purpose of eliciting perjured testimony before the grand jury. Taylor contends that the prosecutor failed to inform him that he could be prosecuted for making false statements and to advise him of his privilege against self-incrimination and right to counsel. He further alleges that the prosecutor knew from Taylor's first grand jury appearance that his testimony contradicted that of other government witnesses and documents. Taylor charges that the prosecutor, by asking identical questions at each of his three appearances, manipulated the grand jury so that its function was not to investigate a crime, but to create one. The remedy for the prosecutor's misconduct, Taylor asserts, is pretrial dismissal of the indictment, pursuant to either the Constitution or the court's supervisory powers.

II

This circuit has not recognized the so-called "perjury trap" doctrine, *United States v. Howard*, 867 F.2d 548, 549–50 (9th Cir.1989) (*Howard*), and need not do so in this case. Before we may review the merits of Taylor's novel claim, we must decide the threshold issue whether we have jurisdiction to entertain his interlocutory appeal. 28 U.S.C. § 1291. Taylor asserts that we have jurisdiction under a narrow exception to the final judgment requirement: the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). To qualify as "collateral" under *Cohen*, an order must (1) "conclusively determine the disputed question," (2) "resolve an important issue com-

---

* Honorable Thomas Zilly, United States District Judge, Western District of Washington, sitting    by designation.

pletely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (*Coopers & Lybrand*) *(footnote omitted).*

### A.

■ When Taylor filed this appeal, he premised jurisdiction on our decisions in *United States v. Benjamin*, 812 F.2d 548 (9th Cir.1987) *(Benjamin), vacated,* —— U.S. ——, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989), and *United States v. Dederich*, 825 F.2d 1317 (9th Cir.1987) *(Dederich). Benjamin* and *Dederich* held that we may review an interlocutory appeal from the denial of a motion to dismiss an indictment due to alleged prosecutorial misconduct affecting the grand jury charging process. In those cases, we relied on the harmless error rule articulated in *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). *Mechanik* held that any error in the grand jury's charging decision based on a violation of Fed.R.Crim.P. 6(d) is rendered harmless by a petit jury's verdict of guilty. *Id.* at 72–73, 106 S.Ct. at 942–943. *Benjamin* and *Dederich* reasoned that under *Mechanik*'s harmless error rule, errors in the grand jury charging process would be "effectively unreviewable" following a conviction. *Benjamin,* 812 F.2d at 552; *Dederich,* 825 F.2d at 1320.

In *Midland Asphalt Corp. v. United States,* —— U.S. ——, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (*Midland Asphalt*), the Supreme Court rejected the reasoning of *Benjamin* and *Dederich. Id,* 109 S.Ct. at 1498; *see also Benjamin v. United States,* —— U.S. ——, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989) (vacating circuit court judgment and remanding in light of *Midland Asphalt*); *United States v. Moreno–Green,* 881 F.2d 680, 682 (9th Cir.1989) (holding that *Midland Asphalt* overrules *Dederich* ). To the extent, therefore, that Tay-

lor relies on *Benjamin* and *Dederich* to argue that we have jurisdiction over his interlocutory appeal, his argument fails.

### B.

■ Taylor asserts a second reason why he is entitled to an interlocutory appeal. He argues that unlike *Benjamin* and *Dederich,* his ",perjury trap" allegation implicates constitutional rights. We have addressed this type of argument before. In *Howard,* decided prior to *Midland Asphalt,* we held that a "perjury trap" claim does not warrant interlocutory review. 867 F.2d at 550. Howard was indicted for perjury based on testimony before a grand jury. Howard moved in district court to dismiss the indictment, arguing that prosecutorial misconduct—the setting of a "perjury trap"—violated her due process rights. The district court denied her motion and she filed an interlocutory appeal.

Howard argued that we had jurisdiction over her interlocutory appeal based on *Benjamin* and *Dederich,* which at that time were still the law in our circuit. We rejected this argument, reasoning that errors of constitutional dimension, as opposed to mere errors in the charging process, are not subject to *Mechanik*'s harmless error rule. Thus, unlike *Benjamin* and *Dederich* claims, due process claims raising issues of fundamental fairness are effectively reviewable following conviction. *Id.* at 551–52. We also held that the right Howard asserted " 'is simply not one that must be upheld prior to trial if it is to be enjoyed at all.' " *Id.* at 552, *quoting United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 270, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982) (per curiam) (*Hollywood Motor Car* ). Her due process claim, we reasoned, did not "involve the alleged right to be free from trial altogether." *Id.* We concluded that if Howard were ultimately convicted of perjury, she could then appeal the denial of her motion to dismiss based on her "perjury trap" claim. *Id.*

Taylor concedes that if *Howard* is still the law in our circuit, we lack jurisdiction over his appeal. But Taylor asserts that *Midland Asphalt* invalidates *Howard.*

*Midland Asphalt* involved an interlocutory appeal from an order denying a motion to dismiss an indictment for an alleged violation of Fed.R.Crim.P. 6(e), which concerns grand jury secrecy. The Court had "little difficulty" concluding that this order did not constitute an appealable collateral order under *Cohen. Midland Asphalt,* 109 S.Ct. at 1498. The Court did not decide whether *Mechanik's* harmless error rule extends beyond Rule 6(d) violations to, in this case, Rule 6(e) violations. Rather, the Court reasoned

> if Rule 6(e) violations can accordingly provide the basis for reversal of a conviction on appeal, it is obvious that they are not "effectively unreviewable on appeal from a final judgment." If, on the other hand, *Mechanik* is applied to bar post-conviction review of alleged violations of Rule 6(e), . . . [such] violations cannot be said to "resolve an important issue completely separate from the merits of the action," . . . . Thus, whatever view one takes of the scope of *Mechanik* (an issue we need not resolve here), the present order is not immediately appealable.

*Id., quoting Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458.

*Midland Asphalt's* analysis is fully consistent with *Howard's* holding. As we stated above, if *Mechanik* applies to Taylor's "perjury trap" claim—thereby constituting a *Benjamin* or *Dederich* claim— then the court's order is not appealable. *Midland Asphalt,* 109 S.Ct. at 1498. If, on the other hand, *Mechanik* does not apply to Taylor's claim as we held in *Howard,* then it is still not appealable at this time; it "cannot be said to 'resolve an important issue completely separate from the merits,'" as required by *Cohen. Id., quoting Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458; *see also United States v. Schiff,* 874 F.2d 705, 706 (9th Cir.1989) (amended July 20, 1989).

*Midland Asphalt* also rejected the argument that violations of Rule 6(e) involve a right the practical value of which is destroyed unless vindicated prior to trial— namely, the right not to be tried at all. The Court explained that "[t]here is a 'cru-cial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges.'" 109 S.Ct. at 1499, *quoting Hollywood Motor Car,* 458 U.S. at 269, 102 S.Ct. at 3085. A right to be completely free from trial, for purposes of *Cohen,* must be based upon an "explicit statutory or constitutional guarantee that trial will not occur." *Id.*

Examples of this extraordinary right not to be tried are found in the Constitution's double jeopardy clause ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"), speech or debate clause ("for any Speech or Debate in either House, [Congressmen] shall not be questioned in any other Place"), and grand jury clause ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."). *Id., citing Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (double jeopardy clause); *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (speech or debate clause). The Court cautioned that not every violation of traditional grand jury protections implicates the right to be free from trial. Rather, "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Id.* 109 S.Ct. at 1499–1500.

Although *Howard* held that a "perjury trap" claim does not implicate a right to be free from trial, 867 F.2d at 552, Taylor argues that *Midland Asphalt* overrules *Howard.* According to Taylor, a "perjury trap" causes the grand jury to no longer be a grand jury.

Taylor characterizes his "perjury trap" claim as a violation of due process under the fifth amendment. The due process clause guarantees that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Unlike the double jeopardy, speech or debate, and grand jury clauses, the language of the due process clause contains no "explicit . . . guarantee that

trial will not occur." *Midland Asphalt*, 109 S.Ct. at 1499. The language of the due process clause, therefore, does not support Taylor's argument.

With respect to the grand jury clause, Taylor does not allege that he was brought to trial without an indictment or that his indictment was not issued by a grand jury. Rather, he alleges prosecutorial misconduct. Taylor's charge is analogous to that made by the defendants in *Hollywood Motor Car*, 458 U.S. at 264, 102 S.Ct. at 3082. There, a motion was brought to dismiss a superseding indictment on the grounds that prosecutorial misconduct—in that case vindictiveness—violated defendants' due process rights as announced in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Refusing to review the interlocutory order, the Court held that even if the indictment was defective and thus warranted dismissal, respondents' claim was effectively reviewable on appeal from a final judgment; the "right asserted by respondents is simply not one that must be upheld prior to trial if it is to be enjoyed at all." *Hollywood Motor Car*, 458 U.S. at 270, 102 S.Ct. at 3085 (footnote omitted).

Like defendants in *Hollywood Motor Car*, Taylor claims that prosecutorial misconduct makes his indictment defective. Assuming that a "perjury trap" defense is available and Taylor can establish it, the remedy would be dismissal of the indictment—a remedy in no way synonymous with the right to be free from trial altogether. *Id.* at 269, 102 S.Ct. at 3084 ("Even when the vindication of the defendant's rights requires dismissal of charges altogether, the conditions justifying an interlocutory appeal are not necessarily satisfied."). It is thus not a "right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978) (*MacDonald*) (footnote omitted); *see Midland Asphalt*, 109 S.Ct. at 1499; *Hollywood Motor Car*, 458 U.S. at 269, 102 S.Ct. at 3084. Although there is some value in securing dismissal before

rather than after trial, the "Court has declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order." *Lauro Lines S.R.L. v. Chasser*, — U.S. —, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989); *see also MacDonald*, 435 U.S. at 860 n. 7, 98 S.Ct. at 1552 n. 7. Taylor's claim, therefore, falls outside of those involving the right not to be tried at all.

We conclude that *Midland Asphalt* casts no shadow on our holding in *Howard* that a "perjury trap" claim does not implicate the right to be free from trial altogether. *Howard*, 867 F.2d at 552. Thus, as Taylor concedes, *Howard* requires that we dismiss his interlocutory appeal. *Id.*

APPEAL DISMISSED.