91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth BAUER, Plaintiff-Appellant,
v.
Alan BERSIN; Steven Peak, Defendants-Appellees.
 No. 95-55710.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Bauer appeals pro se the district court's dismissal of his action seeking declaratory relief against the United States Attorney and an assistant United States Attorney for the Southern District of California. The Government has filed a motion seeking dismissal of Bauer's appeal on the grounds that whatever relief Bauer seeks can be sought in his criminal case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and grant the government's motion.[1]
 
 
 3
 Bauer alleged that the grand jury that was investigating his role in a telemarketing fraud scheme was proceeding in an unconstitutional manner. The district court concluded that it lacked subject matter jurisdiction to hear Bauer's action because Bauer had not yet been indicted by the grand jury. The court also declined to exercise its discretionary jurisdiction over actions for declaratory relief. Since he filed his notice of appeal, Bauer has been indicted and the indictment in the case has been unsealed.
 
 
 4
 If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief, the appeal must be dismissed. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992).
 
 
 5
 Here, because Bauer has been indicted and now faces criminal prosecution, this court cannot grant Bauer any effectual relief for the issue upon which he bases his appeal. See id. Bauer's criminal case is the appropriate forum for challenges to his indictment and to the grand jury process that produced the indictment. See Fed.R.Crim.P. 12(b)(2) (challenges to criminal indictment should be brought prior to trial); United States v. Gordon, 844 F.2d 1397, 1400 (9th Cir.1988); cf. United States v. Howard, 867 F.2d 548, 552 (9th Cir.1989) (dismissing interlocutory appeal from district court's decision denying motion to dismiss indictment and stating that defendant could appeal if ultimately convicted of crime).
 
 Accordingly, this appeal is
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We grant Bauer's motion to supplement the record with information regarding his indictment